IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTONIO GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 09-2674-CM |
| | ) | |
| 7TH STEET CASINO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action against defendant for discrimination and retaliation on the basis of national origin and age under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. This matter is before the court on Defendant's Motion to Dismiss, or Alternative Motion for Summary Judgment, and Brief in Support (Doc. 11).

Defendant argues that this court lacks subject matter jurisdiction over defendant's claims under the doctrine of tribal sovereign immunity. Plaintiff's response contains no specific objections. He objects to the entire motion, stating, "I have read over the entire motion to dismiss that 7th Street Casino filed, along with the 'Corporate Charter of the Wyandotte Tribe of Oklahoma' . . . I don't understand any of it. . . . So to protect my rights, I OBJECT to the entire motion to dismiss that [defendant] filed." (Doc. 17.)

**I. Legal Standards**

The court may only exercise jurisdiction when specifically authorized to do so, *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding

in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Defendant, as the party seeking to invoke federal jurisdiction, bears the burden of establishing that such jurisdiction is proper by a preponderance of the evidence. *Basso*, 495 F.2d at 909. When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may go beyond the allegations in the complaint and challenge the facts on which subject matter jurisdiction depends. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a factual challenge, the court cannot accept the allegations in the complaint as true. *Id*. The court has wide discretion to consider evidence outside of the pleadings. *Id*. Consideration of extrinsic evidence does not convert a Rule 12(b)(1) motion into a motion for summary judgment unless the jurisdictional issue is intertwined with the merits of the case; the two are intertwined "if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id*.

"Tribal sovereign immunity is a matter of subject matter jurisdiction." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302 (10th Cir. 2001).

## II. Discussion

It is well settled law that Indian tribes possess the immunity from suit traditionally enjoyed by sovereign powers. *Berrey v. Asarco, Inc.*, 439 F.3d 636, 643 (10th Cir. 2006). "Absent congressional abrogation or an express waiver by the tribe, sovereign immunity deprives the federal courts of jurisdiction to entertain lawsuits against an Indian tribe, its subdivisions, or its officials acting within their official capacities." *Cohen v. Winkelman*, 302 F. App'x 820, 823 (10th Cir. 2008) (citing *Native*

*Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1293 (10th Cir. 2008). "Official tribal enterprises that act as a division or arm of the tribe are immune from suit as an extension of the tribe's sovereign immunity." *City of New York v. Golden Feather Smoke Shop, Inc.*, No. 08-CV-3966 (CBA), 2009 WL 705815, at *5 (E.D.N.Y. Mar. 16, 2009) (citing *Native Am. Distrib.*, 546 F.3d at 1292−96).

Defendant argues that it is entitled to tribal sovereign immunity under *Native American Distributing* because it has not waived its immunity. Defendant's argument, however, is premature. In *Native American Distributing*, it was undisputed that the Seneca-Cayuga Tobacco Company was a subdivision of the Tribe, rather than a separate corporate entity. 491 F. Supp. 2d at 1064. Thus, the issue was whether the tribe had waived its immunity with respect to the tobacco company. *Id.* at 1293. Whether an entity is entitled to tribal sovereign immunity to begin with is a separate issue from whether immunity has been waived. *Bales v. Chickasaw Nation Indus.*, 606 F. Supp. 2d 1299, 1305−06 (D.N.M. 2009). In this case, plaintiff has neither alleged nor conceded that defendant is a subdivision of the Wyandotte Tribe of Oklahoma entitled to immunity in the first instance.

As the party asserting sovereign immunity, defendant bears the burden to show that it is entitled to immunity in the first place. *See Golden Feather Smoke Shop, Inc.*, 2009 WL 705815, at *4 (following Eleventh Amendment jurisprudence and concluding that the defendants have the burden of establishing that they are entitled to sovereign immunity because knowledge of the pertinent facts is more likely in the possession of the party asserting immunity). Before arguing that it has not waived its immunity, defendant must establish that it is an arm of the tribe entitled to immunity.

Because the issue of sovereign immunity is jurisdictional, *Ramey Const. Co., Inc. v. Apache Tribe of Mescalero*, 673 F.2d 315, 318 (10th Cir. 1982), the issue must be resolved before the court can consider the merits of plaintiff's claims. Defendant is ordered to file a supplemental brief addressing whether it is entitled to tribal sovereign immunity within 15 days of this order. Plaintiff

shall file a response to defendant's supplemental brief within 15 days of the date the supplemental brief is filed.

**IT IS THEREFORE ORDERED** that defendant shall file a supplemental brief addressing whether it is entitled to tribal sovereign immunity within 15 days of this order. Plaintiff shall file a response to defendant's supplemental brief within 15 days of the date the supplemental brief is filed.

Dated this 5th day of May, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
